### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION as trustee for ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2001-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2001-HE3, | § § § § § § § § | Civil Action No. 5:15-CV-00992-XR |
| *Plaintiff,* | § § | |
| v. | § § | |
| ELIAS BERNARD JACKSON and ERMA LEE JACKSON, | § § § § | |
| *Defendants*. | § § | |

### ORDER

Before the Court is Plaintiff Wells Fargo's Motion for Entry of Default Judgment (Docket no. 15). By its motion, Wells Fargo seeks an entry of default judgment on its judicial foreclosure claim against Defendants Elias Bernard Jackson and Erma Lee Jackson. After due consideration, the Court GRANTS the motion.

### BACKGROUND[1]

On July 20, 2001, Defendants purchased the real property located at 1203 Rossolis Drive, San Antonio, Texas 78219 (the "Property").[2] Defendants financed their purchase by executing a promissory note in favor of New Century Mortgage Corporation in the amount of $44,100.00. At the same time, the Defendants executed a Texas Home Equity Security Instrument in favor of

---

[1] The factual background is taken from the allegations in Plaintiff's complaint.

[2] The Property is more particularly described as:

> LOT 37, BLOCK 3, NEW CITY BLOCK 13,861, MEADOWVIEW NORTH, UNIT 2, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 5502, PAGE 269, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

New Century, granting a security interest in the property. Though the original Note has been misplaced,[3] Wells Fargo has become the current owner of it through a series of transfers. Moreover, Wells Fargo is the mortgagee of the Security Instrument executed by the Defendants.

The loan agreement gives Wells Fargo the power to enforce the Security Instrument by selling the Property should Defendants be in default of their loan obligations, which has been the case since May 2005. On April 3, 2014, Wells Fargo sent Defendants a notice of default and intent to accelerate. With no cure from the Defendants, Wells Fargo accelerated the maturity of the debt on June 16, 2015. The total debt owed on the note at that time was $145,923.73.

On November 12, 2015, Wells Fargo filed this lawsuit, asserting a cause of action for judicial foreclosure and seeking a judgment allowing it to foreclose on the Property on the terms of the Security Instrument. Alternatively, Wells Fargo seeks an equitable subrogation.

Summons was issued as to both Defendants on November 12. Docket nos. 4–5. On December 15, this Court granted Wells Fargo's motion for substituted service. Docket nos. 6–7. The order authorizing substitute service noted that process servers had made five unsuccessful attempts to serve the Defendants at the Property over a one month period. Docket no. 7 at 4–5. During each attempt, there were indications that the Defendants were present—for example, cars registered to the Defendants would be parked outside or the lights would be on. *Id*. Thereafter, on January 6, 2016, both Defendants were served in accordance with the substituted service order when a copy of the complaint and the substituted service order were posted on the front door of the Property. Docket nos. 8–9.

After service, Defendants failed to respond to the lawsuit, and on February 9, Wells Fargo moved the Clerk of the Court to enter default, which the Clerk did. Docket nos. 10, 12. Wells Fargo also moved for entry of default judgment against Defendants. Docket no. 11. On

---

[3] Wells Fargo has provided a copy of the Note along with a lost note affidavit. Docket no. 1, Ex. A.

February 16, Wells Fargo asked this Court to hold a ruling on the entry of a default judgment, as Defendants apparently indicated to Wells Fargo that a potential loan modification was in progress. Docket nos. 11, 13.

On August 25, Wells Fargo again moved for default judgment, as the proposed loan modification failed. Docket no. 15. In its motion, Wells Fargo asks for a declaration of a judicial sale in accordance with the terms of the loan agreement and Security Instrument. Since Wells Fargo requests a declaration, the Court—and not the Clerk of Court—must enter default judgment. *See* FED. R. CIV. P. 55(b) (stating that the Clerk of Court can only enter default judgment when the plaintiff's claim is for a sum certain or a sum that can be made certain by computation). Accordingly, the Court now considers Plaintiff's request.[4]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A default causes all well-pleaded allegations of fact related to liability to be deemed admitted. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002). Though the Court must accept these facts as true, the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered . . . [D]espite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."); *see also*

---

[4] As an initial matter, when a plaintiff moves for default judgment against a defendant who has failed to respond or defend, the district court has an affirmative duty to determine its jurisdiction over both the subject matter and the parties. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). The Court has reviewed the return of service and the pleadings and concludes that it has personal jurisdiction over Defendants and subject matter jurisdiction over the claims.

*Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (holding that default judgment was improper on claims that were barred or subject to dismissal under Rule 12(b)(6)); WRIGHT & MILLER, FED. PRAC. & PRO. § 2688 ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Thus, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007).

Defendants purchased their home in 2005 by obtaining a Texas home equity mortgage, secured by the property they purchased. Docket no. 1, Ex. B. In Texas, a home equity mortgage "may be foreclosed upon only by a court order," which is what Wells Fargo seeks here. TEX. CONST. art. XVI, § 50(a)(6)(D). Under TEX. R. CIV. P. 735, a party seeking to foreclose a lien created by a home equity loan may do so by using one of three methods: "(1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and TEX. PROP. CODE § 51.002; or (3) an application under [TEX. R. CIV. P. 736] for an order allowing foreclosure." TEX. R. CIV. P. 735. Wells Fargo seeks an order pursuant to the second of these methods. Docket no. 1 at 5.

"Rule 735 does not provide any guidance as to what is required for an order under the . . . second of these methods, and there is scant authority addressing this." *Thomas v. Ocwen Loan Servicing, LLC*, 3:12-CV-447-L, 2013 WL 30653, at *5 (N.D. Tex. Jan. 3, 2013). This Court has required that the party pursuing foreclosure demonstrate that "(1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3)   the

borrowers are in default under the note and security instrument; and (4) the borrowers received actual notice of default and acceleration." *Marshall v. Deutsche Bank Nat'l Trust Co.*, No. SA-13-CV-937-OLG, slip op. at 14–15 (W.D. Tex Sept. 21 2014) (citing *Huston v. U.S. Bank Nat'l Bank Ass'n*, CIV. A. H-12-3735, 2013 WL 7869183, at *8 (S.D. Tex. Dec. 19 2013)). Other courts have required less. *See, e.g., TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016), *report and recommendation adopted sub nom. TFHSP, LLC v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2853565 (N.D. Tex. May 13, 2016), *appeal dismissed* (July 20, 2016) ("To obtain a judicial foreclosure, U.S. Bank must show (1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose.").

Here, Wells Fargo has properly pled a substantive cause of action in its complaint, which entitles it to a default judgment entering an order that authorizes the foreclosure. The complaint properly alleges and provides evidence of the existence of a debt owed by the Defendants, Docket no. 1 at 3-4, Ex. A, Ex. B, which exists under Article 16, § 50(a)(6) of the Texas Constitution, Docket no. 1, Ex. A at 5. Wells Fargo properly alleges that the Defendants are in default, having not made scheduled payments since 2005. Docket no. 1 at 4. Finally, Wells Fargo provided notice of default and intent to accelerate to the Defendants. *Id.*; Docket no. 1, Ex. D. Because Wells Fargo adequately pled a substantive cause of action to obtain a judicial order authorizing the foreclosure, its Motion for Entry Default Judgment is granted.

## IV. Conclusion

Plaintiff's Motion for Entry of Default Judgment (Docket no. 15) is hereby GRANTED. A separate judgment in favor of Plaintiff shall issue in accordance with Rule 58.

It is so ORDERED.

SIGNED this 16th day of September, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE